PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RUPERTO
HADDOCK, Defendant and Appellant.

No. 4743. Argued June 14, 1932.—Decided July 7, 1932.

*C. Iriarte* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Ruperto Haddock was accused of having assaulted and
battered Tomás Cortijo Cruz with a pistol, firing two shots
and injuring the said Tomás Cortijo Cruz. The foregoing
facts were set out in the complaint, which was one for assault
and battery under aggravated circumstances. At the end of
the complaint the following words appear: "The aggrava-
tion alleged in this complaint consists in that the accused,

in order to commit the crime, used a pistol, which is a weapon with which bodily harm may be caused.''

The appellant maintains that the aggravated circumstances were not sufficiently charged. We agree with the *Fiscal* that there is no question in this case of serious bodily injury, which the appellant for some reason discusses. The sole question is whether the offense was committed with a deadly weapon under circumstances not amounting to an intent to kill or maim, as set out in paragraph 8 of section 6 of the act defining assault and battery, Laws of 1904, page 48, section 5664 of the Compilation. The appellant maintains that the quoted words of the complaint were not sufficient to show that the weapon used was a deadly one. Perhaps they were not. In the body of the complaint, however, it appeared that the appellant committed the assault and battery with a pistol, inflicting a wound. Therefore it sufficiently appeared that a dangerous or deadly weapon was used.

In any event, where a pistol has been used the burden would be upon the defendant to show that the pistol was not employed in an ordinary way, as in the case of *The People* v. *Dávila*, 23 P.R.R. 313, where the assault was committed with the butt of a pistol. Such use of the pistol would be a matter of defense. The quoted words from the information were, therefore, merely superfluous. In *The People* v. *Zambrana*, 18 P.R.R. 732, we held that words attempting to set up aggravated circumstances, if not sufficient, could be regarded as superfluous and the defendant convicted of a simple assault and battery. Similarly, the quoted words may be disregarded and the body of the complaint relied upon to show the aggravated circumstances.

In *The People* v. *Olivieri*, 13 P.R.R. 280, we held that a complaint was sufficient to convict a defendant of aggravated assault and battery when the words used in the complaint

revealed that the offense was committed with a dangerous weapon. In *The People* v. *Varela,* 25 P.R.R. 364, the Court held that an improper characterization of the offense did not prevent a conviction if the words in the body of the complaint were sufficiently clear.

It is the constant jurisprudence of this Court that where the facts of the complaint show that a pistol was used it is unnecessary to allege that it was a deadly weapon. *The People* v. *Albino,* 17 P.R.R. 456; *The People* v. *Cruz,* 25 P.R.R. 302; *The People* v. *Lange,* 24 P.R.R. 210.

The appellant alleged some confusion in the wording of the complaint so that it was difficult for him to know what the circumstances of aggravation were. He admitted that he could have asked a better specification in the court below but alleged that he was without a lawyer there. Naturally, the failure of the defendant to employ a lawyer in the lower court would not entitle him to any greater advantage in this Court. We find no insufficiency in the complaint.

The second error assigned by the appellant was that the judgment was against the evidence inasmuch as the defendant acted in self-defense. Reading the evidence we find nothing to show that the defendant had the fear of a reasonable man that he would lose his life or suffer any great bodily harm, and other elements may be lacking. Taking the evidence of the defendant himself he denied having used the pistol. With difficulty could a real case of self-defense be imagined where the defendant denies the use of the weapon with which the alleged assault and battery was committed.

Nor does the appellant convince us that the court did not have a right to disbelieve any supposed evidence tending to show self-defense.

The judgment will be affirmed.